IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NOS. 1:10-CR-017-01
:
**v.** :
:
**EDWARD JESUS-NUNEZ** :

## **M E M O R A N D U M**

Before the court is Defendant Jesus-Nunez's motion for a pretrial ruling that provisions of the Fair Sentencing Act of 2010 are applicable to the instant case. The motion has been briefed and is ripe for disposition.

**I.**        **Background**

In a superseding indictment filed on July 7, 2010, Jesus-Nunez was charged with conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846; conspiracy to distribute and possess with the intent to distribute marijuana, in violation of 21 U.S.C. § 846; distribution of cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. s 841(a)(1) and (b)(1)(c); and use of a communication facility to commit a drug trafficking crime, in violation of 21 U.S.C. § 843(b). The superseding indictment alleges that the events leading up to the indictment occurred from on or about January 2009 and continued to on or about January 22, 2010.

The Fair Sentencing Act became effective on August 3, 2010. The Act establishes new quantity thresholds that trigger statutory mandatory minimum and maximum penalties for cocaine base ("crack cocaine"). Under the new law,

quantities of crack cocaine triggering mandatory minimum penalties are increased such that trafficking in 28 grams (approximately one ounce) of crack cocaine will trigger the five-year mandatory minimum penalty, and trafficking in 280 grams of crack cocaine will trigger the ten-year mandatory minimum penalty.  Defendant was indicted under the old law.  The Act is silent with regard to whether the new threshold quantities for statutory mandatory minimum sentences apply to conduct that occurred prior to its enactment.

**II.	Discussion**

Defendant argues that the current thresholds of 28 and 280 grams should be applied to the instant case because the Fair Sentencing Act statutory change was curative or remedial in nature and intent.  He further argues that such statutory changes are applicable to pending cases and they are not governed by the general saving clause, 1 U.S.C. § 109.  (Defendant's Motion at p. 2, ¶ 6 (doc. 225).)  He claims that the general saving clause is not intended to apply to those statutory changes that are "remedial" or "curative."  The Government argues that under the savings statute, the new law will apply prospectively only to offense conduct occurring on or after the date of its enactment.

Both parties agree that the seminal case concerning retroactivity of criminal statutes is the Supreme Court decision in *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653 (1974).  The Court stated, "the saving clause has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense."  *Id.* at 661 (citations omitted).

The most recent case in which a court was asked to apply the ameliorative relief awarded under the Fair Sentencing Act of 2010 is *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010).  That court stated:

> The "general savings statute," 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application. *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 660, 94 S. Ct. 2532, 41 L.Ed.2d 383 (1974); *United States v. Avila-Anguiano*, 609 F.3d 1046, 1050 (9th Cir. 2010); *United States v. Smith*, 354 F.3d 171, 174 (2d Cir. 2003); *Korshin v. Comm'r*, 91 F.3d 670, 673-74 (4th Cir. 1996).
>
> The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time Carradine committed the crime in question.

*Id.* at 580.

This court believes the Fair Sentencing Act deals with the penalty provisions contained in the drug statutes. It is of the further opinion that the savings statute, Title 1, U.S.C. § 109, is applicable to the Fair Sentencing Act and that Defendant is subject to the penalties in effect at the time of the offense dates.

## III. Conclusion

Defendant's motion to apply the provisions of the Fair Sentencing Act of 2010 to the instant case will be denied. An appropriate order will be issued.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: December 27, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NOS. 1:10-CR-017-01
:
**v.** :
:
**EDWARD JESUS-NUNEZ** :

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Defendant's motion (doc. 225) is **DENIED**.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: December 27, 2010.